**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3227 |
| *Plaintiff - Appellee*, | D.C. No. 3:22-cr-02070-AJB-1 |
| v. | |
| PATRICK EDWARD DOYLE, | |
| *Defendant - Appellant*. | OPINION |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted March 3, 2026
Pasadena, California

Filed August 7, 2026

Before: Kim McLane Wardlaw and Ana de Alba, Circuit
Judges, and Jeffrey Vincent Brown, District Judge.[*]

Opinion by Judge Brown

---

[*] The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed Patrick Edward Doyle's conviction by jury trial for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and his sentence of 120 months' imprisonment.

Assuming without deciding that abuse of discretion review applied, the panel held that the district court erred when it did not review each item of child pornography individually before admitting all of the items into evidence and publishing them to the jury, as required by Federal Rule of Evidence 403 and *United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) (en banc). The district court has an obligation to review every single item of allegedly explicit evidence in a child-pornography case to guarantee that its potential for undue prejudice does not substantially outweigh its probative value under Rule 403. The panel concluded, however, that the error was harmless because the record gave no indication that the pornographic images and video footage had an undue tendency to suggest a decision by the jury on an improper basis, and the district court's error therefore did not more probably than not affect the verdict.

The panel held that the district court did not abuse its discretion when it denied Doyle's motion for a new trial under Federal Rule of Criminal Procedure 33 on the ground that his defense counsel did not pursue the affirmative defense in § 2252(c). That affirmative defense applies if the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

defendant possessed less than three matters containing any proscribed visual depiction and promptly took reasonable steps to destroy each depiction or reported the materials to a law enforcement agency and afforded that agency access. The panel concluded that the defense was not based upon the facts in this case because Doyle did not take reasonable steps to destroy the images and videos on his phone, and the record contained no evidence that Doyle reported the materials or turned them over the law enforcement.

The panel declined to review Doyle's claim of ineffective assistance of counsel on direct appeal.

Finally, the panel affirmed Doyle's sentence. The panel applied plain error review because Doyle did not lodge a specific objection to the district court's comment that he claimed on appeal was procedural error. The panel concluded that the district court did not commit procedural error because the record showed that, despite its remark about a sentencing guidelines variance, the district court correctly recognized a statutory maximum sentence of 120 months.

**COUNSEL**

Peter S. Horn (argued) and Andrew Sherwood, Assistant United States Attorneys; Daniel E. Zipp, Assistant United States Attorney, Chief, Appellate Section, Criminal Division; Adam Gordon, United States Attorney; Office of the United States Attorney, United States Department of Justice, San Diego, California; Amanda N. Griffith, Sedgwick, Sacramento, California; for Plaintiff-Appellee.

Devin Burstein (argued) and Jeremy D. Warren, Warren & Burstein, San Diego, California, for Defendant-Appellant.

**OPINION**

BROWN, District Judge:

Defendant-Appellant Patrick Edward Doyle appeals his conviction for violating 18 U.S.C. § 2252(a)(4)(B), possession of child pornography, and his sentence of 120 months' imprisonment. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

**I.**

In June 2022, federal agents received information that Doyle was engaged in sexually explicit conduct with a female minor victim ("MV"). Sexually explicit photos on MV's social-media account confirmed that Doyle had engaged in sexual activity with her. Based on this investigation, federal agents executed a search warrant on Doyle's home. During the execution of the search warrant, federal agents obtained an iPhone 12 that Doyle identified as his along with other electronic devices. A forensic search of

the phone revealed numerous images and videos depicting MV and other unidentified girls engaged in explicit sexual conduct. These images and videos were located in the Photo Vault application or its deleted space, but all were accessible. Federal agents later arrested Doyle, and Doyle was charged with one count of possession of images of minors engaged in sexual conduct in violation of § 2252(a)(4)(B).

Before trial, the government moved *in limine* to admit and publish the thirty-six images and videos depicting child pornography obtained from Doyle's phone. Doyle did not object to their admission, reviewed the images and videos with the government, and agreed to the government's brief oral descriptions of the images and videos. The district court then granted the government's motion, admitted the images and videos, and allowed them to be "published to the jury in open court" but did not allow them in the jury room "given their content."

During his three-day trial, Doyle testified that he did not know MV was a minor when he had sexual intercourse with her and when he took sexually explicit photos and videos of her. He met MV on a dating website for adults called "Pure," and she showed Doyle an "ID that said she was an adult," which turned out to be fake. On cross, Doyle added that MV told him that she was a "runaway" and he "took her to a facility in Orange County," although he claimed he did not know it was a juvenile facility. Additionally, Doyle testified that he "discarded" or "deleted" sexually explicit photos that MV sent him, and he denied knowing about other sexually explicit photos and videos that included both MV and him.

After the close of evidence, Doyle's counsel did not object to the court's jury instructions. In closing arguments,

the government did not show the jury the sexually explicit images or videos again. Doyle's counsel repeated Doyle's belief that MV was a legal adult and that he had deleted the files in Photo Vault. The jury returned a guilty verdict after deliberating for about an hour and fifteen minutes.

About one month after trial, Doyle retained new counsel (his current counsel), and about eight months later, he moved for a new trial. Doyle argued his trial counsel should have presented an affirmative defense and a corresponding jury instruction under 18 U.S.C. § 2252(c)—that he "possessed less than three matters containing" sexually explicit visual depictions and promptly "took reasonable steps to destroy each such visual depiction" or to report them to law enforcement. After hearing arguments from both parties, the district court denied the motion because it had "no factual support."

At sentencing, the statutory maximum was 120 months, which the government requested. Probation also recommended 120 months. Doyle requested a thirty-six-month sentence, emphasizing his limited criminal history, his family support, and his numerous letters of support. After discussing the 18 U.S.C. § 3553(a) sentencing factors, the district court sentenced Doyle to the statutory maximum of 120 months. But while explaining the sentence, the district court discussed mitigating factors and suggested that it was applying a downward variance to reach the 120-month sentence:

> And just so we're clear, I would — I think the variance that effectively—that would be relative to the guidelines is well supported by the community support, his work on behalf of his business, his mother, and I give him some

— some credit, in coming down to the 120,
for acknowledging the error of his ways. You
know, I—I don't think it's full-on
acceptance.

Doyle's counsel "object[ed] to the length of the sentence on procedural substance—and on substantive grounds."

Doyle timely filed this appeal in which he asks us to vacate his conviction on three grounds: (1) the district court improperly allowed the jury to see all evidence of child pornography rather than narrowly tailoring it in violation of Federal Rule of Evidence 403 and our precedent established in *United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) (en banc); (2) the district court improperly denied Doyle's motion for a new trial; and (3) his trial counsel provided ineffective assistance by failing to assert the only viable affirmative defense. Alternatively, if we uphold his conviction, Doyle asks us to remand for resentencing on the basis that the district court miscalculated his sentence. The government asks us to affirm both Doyle's conviction and sentence.

On the first issue, we assume without deciding that the district court abused its discretion, but conclude the error was harmless. In doing so, we emphasize the trial court's independent obligation to review each item of child pornography under Rule 403, a longstanding precedent we established in *Curtin*. We affirm the district court's denial of the motion for a new trial and decline to address the ineffective assistance claim on direct appeal. We also affirm the district court's sentence.

## II.

The first issue in this case is the most important. Doyle argues that the district court abused its discretion when it did not review each file individually—as required by *Curtin* and Rule 403—before admitting the files into evidence and publishing them to the jury. Assuming without deciding that abuse of discretion applies, we agree that the district court erred when it failed to follow *Curtin*. Although harmless, this error is troubling. Our precedent for almost twenty years unquestionably requires the district court to independently review "abhorrent" and "reprehensible" evidence in child-pornography cases before making a Rule 403 decision. *Curtin*, 489 F.3d at 957. In this case, the district court failed to independently review *any* of the unquestionably abhorrent evidence. We take this opportunity to clarify the rule in *Curtin* and eliminate any doubt about the independent obligation of the district court in cases such as this.

### A.

We review a district court's decision to admit potentially prejudicial evidence under Rule 403 for abuse of discretion. *See United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011); *Curtin*, 489 F.3d at 943. If a district court "abuse[s] its discretion by admitting unfairly prejudicial evidence, a conviction must be reversed if the error is not harmless and more probably than not affected the verdict." *United States v. Merino-Balderrama*, 146 F.3d 758, 761 (9th Cir. 1998) (citing *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997)). "But where a party did not object to the district court's admission on Rule 403 grounds, we review for plain error." *Rizk*, 660 F.3d at 1132 (citing *United States v. Plunk*, 153 F.3d 1011, 1019 n.7 (9th Cir. 1998), *overruled on other*

*grounds by United States v. Hankey*, 203 F.3d 1160, 1169 n.7 (9th Cir. 2000)).

In *Curtin*, the defendant "steadfastly" maintained his objection to the introduction of the child-pornography material under Rule 403. 489 F.3d at 956. But in this case, Doyle never made a Rule 403 objection. Nevertheless, the district court clearly undertook a Rule 403 analysis before admitting the images and videos the government offered into evidence.[1] In light of the district court's obvious attempt to comply with Rule 403 even in the absence of an objection, we assume without deciding that the abuse of discretion standard applies under this case's particular facts.

## B.

The district court abused its discretion when it did not follow *Curtin*. *Curtin* held the district court abused its discretion when it did not "read every word" of the defendant's pornographic stories about a minor. 489 F.3d at 957. The en banc court, including one of this panel's members,[2] explained its reasoning as follows:

> The inflammatory nature and reprehensible nature of these abhorrent stories, although generally relevant, is such that a district court making a Rule 403 decision must know precisely what is in the stories in order for its

---

[1] During the motion *in limine* hearing, the district court discussed at length with the parties how it should conduct a Rule 403 analysis. The district court acknowledged the parties reached "an agreement" about the child-pornography images and videos, asked the parties if "case law still require[d]" the court to "preview [the evidence] before admission," and confirmed that both parties were satisfied with an oral proffer.

[2] *See Curtin*, 489 F.3d at 965–66 (Wardlaw, J. concurring).

> weighing discretion to be properly exercised
> and entitled to deference on appeal. We see
> no other way for a court to make this
> important decision involving prejudice and
> redundancy . . . . In this context, reliance on
> an offer of proof simply is not enough.

*Id.*

The same reasoning applies here. The videos and photographs of MV here are "abhorrent" and "reprehensible" to the extreme. *Id.* One eighteen-second video shows MV "performing fellatio on what we believe to be the defendant and [sic] his bed, in his house." Another video shows an "unknown minor female" as she "anally penetrates herself with a razor, the handle end of a razor, where she then pulls the razor in and out. And there is apparent feces on the razor. At one point in time she licks the razor." Indeed, this evidence appears far more inflammatory than the graphic stories that were improperly admitted in *Curtin*. 489 F.3d at 957 (noting that one of the stories describes the minor engaged in oral sex and bestiality). Allowing the jury to view thirty-six files, including five minutes of video, of this horrific behavior defies our longstanding precedent. *See Merino-Balderrama*, 146 F.3d at 763 ("Allowing the jury to view more than ten minutes of film portraying children engaged in graphic sexual conduct with other children and with adults is likely to be more inflammatory than seven still photographs and a magazine.").

The government tries to distinguish this case from *Curtin* on two grounds. First, the government argues that the defense's consent to admit all of the evidence by oral proffer evades *Curtin*'s requirement. That is incorrect. The

government cites no case law directly supporting its contention that Doyle's consent eliminated *Curtin*'s obligation on the district court. Instead, the government primarily relies on one unpublished Ninth Circuit case for its conclusion that because defendants did not object to the introduction of many of the more graphic images, we cannot conclude that the district court abused its discretion in holding that the probative value of the items that were objected to was not "substantially outweighed" by the danger of undue prejudice. But that unpublished case says nothing about the extent to which *Curtin* applies when the defendant does not object to the evidence's admission. *See United States v. Elhuzayel*, 807 Fed. App'x 621, 622 (9th Cir. 2020). Indeed, *Elhuzayel* is not even a child-pornography case. *See id.*

Second, the government argues that all "36 images and videos" were admissible because they were "reasonable" to show Doyle "knowingly possessed at least one depiction of a minor engaged in sexually explicit conduct." That argument also fails. The government certainly needed to introduce evidence of the charged offense of possession of child pornography. But, as Doyle argues, over *five minutes* of graphic sexual content unnecessarily risked "searing" the abhorrent content "into the juror's [sic] minds." *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) (noting that evidence could "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged"). The government's own cited cases reveal a stark contrast between the limited evidence we have held admissible in the past and the flood of disturbing content in this case.

*Curtin* stands for the clear proposition that, in the context of inflammatory evidence, "reliance on an offer of proof

simply is not enough," and the "district court must 'read every word'"—or, in this case, view every image and video—"of what will be before the jury." *United States v. McElmurry*, 776 F.3d 1061, 1068 (9th Cir. 2015) (quoting *Curtin*, 489 F.3d at 957). While it may most often be the prosecutor's "offer of proof" at issue, the core principle is that the "district court cannot very well decide that [evidence] it has not [seen] will not be unduly prejudicial." *Id.*; *see also Curtin*, 489 F.3d at 958 ("One cannot evaluate in a Rule 403 context what one has not seen or read."). In the name of efficiency and misguided by the parties' agreement, the district court ignored nearly two decades of precedent.

To be clear, this holding is not an *extension* of *Curtin* to a case in which the parties agreed, the defense consented, or the defense failed to object to an oral proffer or any other means of assessing the evidence under Rule 403. It is a clarification of what *Curtin* has required in this circuit for almost twenty years. The district court has an independent obligation to review every single item of allegedly explicit evidence in a child-pornography case to guarantee that its potential for undue prejudice does not substantially outweigh its probative value under Rule 403. Our long-standing instruction is unequivocal: the district court must "minimize the inflammatory nature of" evidence in child-pornography cases. *United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008).

Having determined that the district court abused its discretion, we must next determine if the district court's error was harmless.[3] *See McElmurry*, 776 F.3d at 1070

---

[3] Because the government based its argument on the plain error standard, the government argued that the evidence did not affect Doyle's substantial rights instead of arguing that the district court's error was

(noting the government bears the burden to prove "that the error in admitting the evidence was harmless"). The government argues the evidence did not infringe on Doyle's rights for several reasons. For example, the images and videos were still described in detail to the jury during witness testimony. Also, the government showed the child-pornography files only once and did not refer to them in closing argument. And lastly, the district court gave the jury a limiting instruction consistent with *Ganoe* and Rule 403 and did not allow any of the child pornography to go to the jury room.[4] 538 F.3d at 1121, 1124.

In contrast, Doyle argues the evidence was harmful because "one of the jurors broke down crying" after seeing the child-pornography videos and a different juror requested counseling the day after the trial ended. It is difficult to imagine that the jury was not substantially swayed by the flood of "reprehensible" material they were shown. *See Curtin*, 489 F.3d at 957. But it is also possible that the judge's limiting instructions were effective, given the highly prejudicial nature of the videos and images. *See id.* at 942. Moreover, the government's argument that the videos and

---

harmless. *Compare Merino-Balderrama*, 146 F.3d at 761 (analyzing harmless error after finding the trial court abused its discretion), *with Rizk*, 660 F.3d at 1132 (analyzing substantial rights under plain error review). Nevertheless, the government's arguments about substantial rights also apply to harmlessness, so we analyze them accordingly. Indeed, we agree with the government that Doyle's arguments fail under either standard.

[4] The government also argues the length of the deliberations—"about an hour and 15 minutes"—weighs against harm by showing the strength of the government's case. Although "the length of jury deliberations can indicate that an error had a substantial impact on the outcome of a trial," that "factor is not dispositive." *Johnson v. United States*, 139 F.4th 830, 842 (9th Cir. 2025).

images were admissible against Doyle because they were necessary to prove their case, discussed *infra*, cuts against the government's later argument that the outcome of the case was a foregone conclusion given the other evidence against Doyle.

Ultimately, however, the record gives no indication that the images and video footage had an "undue tendency to suggest [a] decision" by the jury "on an improper basis." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (citing Fed. R. Evid. 403 Advisory Committee Notes). The government presented a mountain of other evidence that proved up the charge: the descriptions of the files; Doyle's text messages referring to MV as a "child prostitute"; agents' testimony explaining how the child-pornography files were made, located, and accessible on Doyle's phone; other pictures in the record where the MV looks grossly underage; and the fact that Doyle took MV to a juvenile facility because she was a runaway, among other evidence. That unquestionable evidence, together with the district court's limiting instruction, leads us to conclude that the district court's error did not more probably than not affect the verdict.

Accordingly, we hold that the district court abused its discretion when it flouted *Curtin* and admitted thirty-six images of graphic sexual conduct involving a minor without reviewing them individually. But, in this case, that error was harmless. As a result, we affirm Doyle's conviction.

## III.

Next, Doyle argues the district court abused its discretion when it denied his motion for a new trial. We disagree.

We review a district court's denial of a motion for a new trial for abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). In doing so, we first determine "whether the trial court identified and applied the correct legal rule to the relief requested." *Id.* at 1263. We "will affirm a district court's factual finding" supporting the motion's denial "unless that finding is illogical, implausible, or without support in inferences that may be drawn from the record." *Id.*

Under Federal Rule of Criminal Procedure 33, the court may "grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Doyle moved for a new trial on the grounds that his defense counsel failed to pursue the affirmative defense in 18 U.S.C. § 2252(c).[5] Section 2252(c) provides an affirmative defense if the defendant:

> (1) possessed less than three matters containing any visual depiction proscribed by [the statute]; and
>
> (2) promptly and in good faith, and without retaining or allowing any person, other

---

[5] To the extent Doyle bases his motion for a new trial on his claim that his trial counsel was constitutionally ineffective, that argument fails. We have held that a Rule 33 motion is not the proper vehicle for an ineffective assistance of counsel argument. *United States v. Hanoum*, 33 F.3d 1128, 1130–31 (9th Cir. 1994).

than a law enforcement agency, to access
any visual depiction or copy thereof—

(A) took reasonable steps to destroy
each such visual depiction; or

(B) reported the matter to a law
enforcement agency and afforded
that agency access to each such
visual depiction.

18 U.S.C. § 2252(c).

Doyle argues the trial court should have granted a new
trial to allow him to put on this affirmative defense because
the evidence supports it. Specifically, he argues that "the
images were all discovered in the deleted area of a Photo
Vault application on a single iPhone[,] and Mr. Doyle
testified he would delete the images he received from
[MV]." Doyle contends the district court abused its
discretion when it denied the motion by defining the word
"matters" in § 2253(c) to mean the individual files and not
the iPhone. Citing *United States v. Lacy*, Doyle argues that
this circuit has defined "matter" in this statute to mean "the
physical medium that contains the visual depiction." 119
F.3d 742, 748 (9th Cir. 1997). In *Lacy*, the court held that
"matter" referred to the hard drive of the defendant's
computer and disks. *Id.* Therefore, Doyle argues, his cell
phone constituted a single matter under the statute, and the
government put forth only that one matter into evidence.

By contrast, the government argues *Lacy* should not
reverse the court's interpretation of "matter" because the
*Lacy* court interpreted matter in the context of a different
subsection of the statute, § 2252(a)(4), which does not apply
here. The government cites several out-of-circuit cases

showing courts defining "matters" in § 2252(c) to mean individual files or noting the term's ambiguity. As a result, the government argues, Doyle could not meet the first prong of the affirmative defense because he "possessed dozens of images" or "matters" which the district court properly defined as files under § 2252(c).

But the parties' arguments about the definition of "matters" miss the more obvious reason why the district court did not abuse its discretion when it denied Doyle's motion for a new trial. The record and the parties' briefing make clear that the affirmative defense was "not based upon . . . the facts in this case." The record shows Doyle did not "promptly and in good faith" take "reasonable steps to destroy" each image and video. 18 U.S.C. § 2252(c). The case agent testified that pornographic files had been deleted but recovered from Doyle's phone, showing them still accessible. Three videos and one photo of MV were in the "recently deleted" part of Doyle's Photo Vault application, but those were also still accessible. As the government notes, Doyle's argument that he made a good-faith effort to delete the pornographic videos and images of MV undermines the argument he made at trial that he did not think MV was a minor and, therefore, did not know he possessed child pornography. Based on this factual record, Doyle's repeated assertion that he deleted the materials is both incorrect because the materials were recoverable and insufficient factual support for the affirmative defense. The record also contains no evidence that Doyle reported the materials or turned them over to law enforcement.

Accordingly, regardless of the "matters" issue under § 2252(c), the district court did not abuse its discretion when it denied the motion for a new trial because the defense had no factual basis.

**IV.**

We next consider Doyle's ineffective assistance of counsel claim. We generally do not review ineffective assistance of counsel challenges on direct appeal. *See United States v. Osorio-Arellanes*, 112 F.4th 647, 658 (9th Cir. 2024); *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). Whether we consider or defer such a claim is a discretionary decision. *Osorio-Arellanes*, 112 F.4th at 658. An ineffective assistance claim should be raised in collateral habeas corpus proceedings except under two exceptions: "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *McKenna*, 327 F.3d at 845 (quoting *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000)). Doyle argues both exceptions apply here. We disagree.

First, Doyle argues his trial counsel completely missed the only affirmative defense that could apply to his case. According to Doyle, the only logical conclusion why his trial counsel did not pursue the affirmative defense is that he "was simply unaware of [it]." He urges the amount of evidence from the trial supporting the affirmative defense suggests that excluding the affirmative defense was not a strategic decision.

Doyle also argues his trial counsel's performance fell below reasonable standards. Doyle points out that his counsel "did not file a single pretrial or limine motion, nor any written response to the government's"; failed to designate any expert witnesses; failed to give an opening statement; and that his counsel's questioning of witnesses was "irrelevant to any of the elements of the offense."

Counsel also did not offer or challenge any proposed jury instructions. According to Doyle, these issues taken together "paint a picture of indifference, inattentiveness, and . . . incompetence."

Although Doyle raises serious questions about his trial counsel's performance, they do not rise to the level of the two exceptions. First, the record could be developed more to understand why counsel did not include the affirmative defense or participate more actively in pretrial. *See, e.g.*, *United States v. Vgeri*, 51 F.3d 876, 882 (9th Cir. 1995) (declining to consider an ineffective assistance claim when "[t]he record includes no explanation by [defendant's] trial counsel of strategic decisions"). It cannot be determined from the record why counsel chose the defense strategy of denying knowledge MV was a minor. Without more, the court does not have sufficient information to know if counsel was acting according to a specific strategy as a result of discussions with Doyle or if counsel was incompetent. *See McKenna*, 327 F.3d at 845 (declining to review a claim for ineffective assistance of counsel on direct appeal because the record was insufficiently developed). Second, while the counsel's lack of action may be concerning, it does not rise to the level of "obviously den[ying] [Doyle] his Sixth Amendment right to counsel." *Osorio-Arellanes*, 112 F.4th at 658. Doyle's counsel was a present, active participant in pretrial and trial proceedings. He objected to certain evidence at the motions *in limine* hearing; he argued orally to the court on those objections and was fully heard; and he cross-examined almost all of the government's witnesses, including the two key case agents. While Doyle's counsel could have done more, it is not obvious from the record that he effectively denied Doyle his Sixth Amendment right to counsel. *See Osorio-Arellanes*, 112 F.4th at 658.

Therefore, we find no legal basis to review Doyle's ineffective assistance of counsel claim on direct appeal.

## V.

Finally, we address Doyle's sentence. Having considered the parties' arguments and the trial court record, we affirm the sentence the district court imposed.

As a threshold issue, the parties dispute the applicable standard of review. We review procedural challenges to a sentence for abuse of discretion, *United States v. Ghanem*, 143 F.4th 1114, 1123 n.1 (9th Cir. 2025), and "unpreserved claims of procedural error at sentencing for plain error," *United States v. Quintero-Junco*, 754 F.3d 746, 749 (9th Cir. 2014). The abuse of discretion standard applies whether the sentence is inside or outside of the guidelines range. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). A district court abuses its discretion if it applies the wrong legal standard. *United States v. Green*, 152 F.4th 1025, 1031 (9th Cir. 2025). We review factual findings for clear error and the "application of the legal standard to the facts for abuse of discretion." *United States v. Vinge*, 85 F.4th 1285, 1288 (9th Cir. 2023) (quoting *United States v. Dominguez-Caicedo*, 40 F.4th 938, 959–60 (9th Cir. 2022)).

Doyle asserts an abuse of discretion standard applies because he preserved the alleged miscalculation during sentencing. Doyle argues that he objected to the "length of the sentence on procedural . . . and substantive grounds" after the district court imposed the sentence, determined a special assessment, and recommended a placement to the Bureau of Prisons. The government counters that this general objection did not preserve the alleged error in the court's sentencing calculation, so plain error review applies.

Under Federal Rule of Criminal Procedure 51(b)'s "contemporaneous-objection rule," "to preserve a claim of error, a party must inform the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." *United States v. Klensch*, 87 F.4th 1159, 1162 (9th Cir. 2023) (internal quotation marks and citation omitted). "Sentencing objections must have a specific substantive basis that provides the district court with an opportunity to address the error in the first instance and allows this court to engage in more meaningful review." *Id.* (quoting *United States v. Grissom*, 525 F.3d 691, 694 (9th Cir. 2008) (quotation marks omitted)).

Here, plain error review applies because Doyle did not lodge a specific objection to the district court's comment that Doyle now claims was procedural error. Doyle's single, general objection on both procedural and substantive grounds was intended as a coverall "for appellate record." Immediately thereafter, Doyle made a specific "object[ion] to the $5,000 assessment." The record thus shows that Doyle had every opportunity and ability to make a specific objection to the framing of the 120-month sentence as a "variance." Without that specific objection, however, Doyle did not inform the district court of the specific action to which Doyle objected or the grounds for his objection. *See Klensch*, 87 F.4th at 1162.

Under the plain error standard, "[r]eversal is warranted only where there has been (1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Grimaldo*, 993 F.3d 1077, 1081 (9th Cir. 2021) (quotation marks and citations omitted). When considering procedural challenges to a sentence on

appeal, we look at potential errors "such as failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the [g]uidelines range." *Ghanem*, 143 F.4th at 1123 (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Based on these and other facts in the record, the district court did not commit procedural error.

As required by our precedent, the district court first properly calculated the applicable guideline range of 188 to 235 months in custody. *See Carty*, 520 F.3d at 991. Neither party disputes the initial calculation. The district court then correctly recognized the statutory maximum for Doyle's conviction is 120 months. Neither party disputes that fact either. Next, the district court addressed the § 3553(a) factors, noting facts in support of mitigation and "egregious," "despicable conduct." Following this analysis, the district court decided to give Doyle "the 120 months, the full measure of the law, finding it sufficient but not greater than necessary." The district court then added, "[I]f I could go higher, I would. But I'm not."

Doyle argues this procedural accuracy is reduced to procedural error when the district court described "coming down to the 120" as a "variance . . . relative to the guidelines" and reflective of Doyle's family support, work, and "acknowledging the error of his ways." Doyle "latches onto" this statement as evidence that the district court misunderstood and misapplied the sentencing guidelines and applicable law. *Green*, 152 F. 4th at 1035. But the record belies that assertion. Reading that statement in full context, the district court explained its sentencing calculations and

underlying reasoning in strict accordance with the guidelines and statutory requirements at every other point during sentencing. *See Fed. Trade Comm'n v. Microsoft Corp.*, 136 F.4th 954, 966 (9th Cir. 2025) (stating that we do not review a court's "out-of-context, isolated phrases" and instead review its comments "as a whole, and in context"). At no point did the district court indicate it intended to give Doyle a lower sentence; in fact, the district court twice announced it would have given Doyle a higher sentence if not for the statutory maximum. Although misapplied here, the district court's use of the term "variance" does not amount to procedural error when the district court imposed a sentence consistent not only with the statutory requirement, but also with the government's and probation's sentencing recommendations. *See United States v. Coutchavlis*, 260 F.3d 1149, 1156 (9th Cir. 2001) ("On appeal, our task is not to formally parse the sentences contained in a transcript of an oral ruling or to demand absolute linguistic precision from the trial judge."). For these same reasons, any error in the district court's statement do not amount to "plain" error that affected Doyle's "substantial rights" and "the fairness, integrity, or public reputation of judicial proceedings." *Grimaldo*, 993 F.3d at 1081.

Finally, based on these arguments, Doyle has failed to show that the district court's 120-month sentence is substantively unreasonable. *See Green*, 152 F.4th at 1038 (noting that a court may apply a presumption of reasonableness if the sentence is within the guidelines range).

Accordingly, we affirm the district court's 120-month sentence.

## CONCLUSION

For the foregoing reasons, we affirm Doyle's conviction and sentence.